UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | :  Criminal No. 3:04CR144  (SRU) |
| ROBERT CRISTADORO | : |

### DECISION AND ORDER

Robert Cristadoro pled guilty to a one-count information charging him with mail fraud, in violation of 18 U.S.C. § 1341.  On October 29, 2004, I sentenced Cristadoro principally to a term of imprisonment of 24 months, followed by a period of supervised release of three years during which he must complete 150 hours of community service, and over $300,000 in restitution.  Cristadoro appealed his sentence and the Court of Appeals granted the government's motion to remand.  Thus, in light of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), and the Second Circuit's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), I am required to determine whether to re-sentence Cristadoro.

The *Crosby* decision requires me to consider whether I would have imposed "a materially different sentence, under circumstances existing at the time of the original sentence, if [I] had discharged [my] obligations under the post-*Booker/Fanfan* regime and counsel had availed themselves of their new opportunities to present relevant considerations." *Crosby*, 397 F.3d at 117.  In short, treating the Sentencing Guidelines as advisory and after considering all the factors listed in 18 U.S.C. § 3553(a), if I would have imposed essentially the same sentence, then the Sixth Amendment error inherent in the prior use of mandatory Sentencing Guidelines would be harmless.  Conversely, if I would have imposed a non-trivially different sentence, then a full re-sentencing under Rule 32 of the Federal Rules of Criminal Procedure would be required.

I have reviewed Cristadoro's Presentence Report, the transcript of his sentencing on October 29, 2004, Cristadoro's memorandum in support of sentence reconsideration dated May 17, 2005 (doc. # 28), his sentencing memorandum dated October 26, 2004 (doc. # 12), the government's memorandum dated May 25, 2005 (doc. # 27), its sentencing memorandum dated October 24, 2004 (doc. #11), and its supplemental sentencing memorandum dated October 28, 2004 (doc. # 13).  I have treated the Sentencing Guidelines as advisory and have considered each of the factors set forth in 18 U.S.C. § 3553(a).  For the reasons set forth below, I conclude that I would not have sentenced Cristadoro to a non-trivially different sentence had the Sentencing Guidelines been advisory at the time of his sentencing.

Cristadoro seeks reconsideration of a two-level enhancement of his offense level under Guidelines section 3B1.3 for abuse of position of trust.  He also seeks reconsideration of the overall sentence imposed.  After re-examining the issue, I conclude that the two-level enhancement was properly imposed.  Even if it were not, I would have imposed the same sentence in this case under either an advisory Guideline scheme or as a non-Guideline sentence.

The factual basis for imposing the section 3B1.3 enhancement was not set forth at sentencing because the issue was not disputed.  *See* Sentencing Tr. at 8.  The information to which Cristadoro pled guilty alleged, among other things, that he "created false invoices reflecting that ISCE-Asia [International Students College Exchange-Asia] had performed services for AIFS [American Institute for Foreign Study] and then caused AIFS to issue payments to ISCE-Asia in the approximate amount of $253,475." Information, ¶ 6.  Cristadoro was a senior officer of both AIFS and ISCE-Asia.  The information alleged that, "[a]s Treasurer [of ISCE-Asia], CRISTADORO had sole and unrestricted control over all funds deposited and

withdrawn from an ISCE-Asia bank account maintained at Chase Manhattan Bank." *Id.* ¶ 3. I find, on the basis of these admitted allegations, that Cristadoro enjoyed significant managerial discretion over the financial affairs of ISCE-Asia, and was not subject to significant supervision in the exercise of that discretion, which enabled Cristadoro to facilitate and conceal his theft of funds from AIFS. Accordingly, the two-level enhancement under section 3B1.3 was properly included in the calculation of Cristadoro's Sentencing Guideline range. *See United States v. Wright*, 160 F.3d 905, 910-11 (2d Cir. 1998) ("a defendant who is a fiduciary or one who is responsible for the well-being of a victim of his crime, and as such is given discretion over spending and is thereby afforded an opportunity, not generally available, to embezzle moneys" is subject to section 3B1.3 enhancement).

Even if the decision to impose a section 3B1.3 enhancement is mistaken, I would impose the same sentence on Cristadoro as a non-Guideline sentence. Thus, I need not resolve all of the factual issues necessary to precise determination whether the section 3B1.3 enhancement should apply. *Crosby*, 397 F.3d at 112.

The sentence imposed is an appropriate one for a number of reasons. The criminal conduct Cristadoro committed was serious: the embezzlement of approximately $400,000. That conduct deserves significant punishment and punishment that will deter others from similar conduct. A period of two years' incarceration, combined with community service and complete restitution but without an additional fine, is sufficient but not greater than necessary to serve these goals of sentencing. Significantly, this crime was committed over an extended period of time and thus presented Cristadoro with many opportunities to terminate the scheme – opportunities he failed to take. Cristadoro's conduct is not attributable to any mental health

condition; it was committed for purely financial reasons by a very well paid corporate officer. Cristadoro's gambling problem arose in an effort to win back the monies stolen from his employer; the monies were not stolen to feed a gambling habit.  Regrettably, Cristadoro's incarceration will have a significant, negative impact on his family.  That impact, however, is a predictable result of his criminal conduct.

In sum, although the Sentencing Guidelines were mandatory at the time of Cristadoro's sentencing, I was able to impose a sentence that I believe properly reflects all of the factors set forth in section 3553(a).  Because I would not have sentenced Cristadoro to a non-trivially different sentence even under an advisory Sentencing Guidelines regime, and indeed because I would have imposed the same sentence as a non-Guidelines sentence, I will not order re-sentencing of Cristadoro on remand.

It is so ordered.

Dated at Bridgeport, Connecticut, this 8th day of December 2005.


      /s/ Stefan R. Underhill
      Stefan R. Underhill
      United States District Judge